ORDERED, that defendant and intervenor shall respond to plaintiffs' motion for review within 30 days after entry of this order and shall include in their responses su h additional details regarding the necessity for remand as are available to them.

FRUEHAUF CORPORATION, PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 78–7–01295

---

[6] H.R. Rept. No. 96–317, 96th Cong., 1st sess. 181 (1979). S. Rept. No. 96–249, 96th Cong., 1st sess. 251 (1979).
[7] 28 U.S.C. 2647.

(Decided March 18, 1981)

*Webster & Chamberlain*, Esqs. (*Christopher L. Hartwell*, Esq., on the brief) for the plaintiff.

*Thomas S. Martin*, Acting Assistant Attorney General; *Joseph I. Liebman*, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch (*Jerry P. Wiskin*, trial attorney, on the brief) for the defendant.

NEWMAN, Judge: The parties in this action have filed cross-motions for summary judgment.[1] For the reasons stated herein, plaintiff's motion is granted, and defendant's cross-motion is denied.

The issue presented concerns the proper tariff classification for certain kits which were used to construct truck trailer floors. This merchandise was imported by plaintiff from Thailand and Singapore and entered at the port of San Francisco in 1974. Upon liquidation of the entries, the imports were assessed with duty at the rate of 4

---

[1] This action was previously before the court cn defendant's motion to dismiss for lack of jurisdiction, which motion was denied by an order entered on Nov. 20, 1978.

per centum ad valorem under the provision for "other" parts of motor vehicles in item 692.27, Tariff Schedules of the United States (TSUS), as modified by T.D. 68–9. Plaintiff claims that the merchandise is entitled to duty-free entry under item 202.58, TSUS, which covers "other" hardwood flooring in strips and planks, whether or not drilled or treated.

To support its motion, plaintiff has submitted an affidavit (with attached exhibits) of John P. Schauerte, an engineer employed by plaintiff. In its cross-motion, defendant relies upon the presumption of correctness attaching to the classification, the entry papers, and upon plaintiff's responses to interrogatories and request for admissions served by defendant.

The pertinent and undisputed facts are: Plaintiff imported certain "kits" comprised of hardwood boards ordered in specific lengths and widths with tongue and grooving. These imported kits were utilized by plaintiff for constructing truck trailer floors, and each kit contained the requisite number of hardwood boards for constructing a trailer floor of particular dimensions. It further appears that the hardwood boards as imported were rabbeted at one end, meaning that an L-shaped cutout had been made across the width of the boards. The cutout facilitated the positioning and assembly of the boards into a trailer floor. In addition to the imported hardwood pieces, various structural and other components were required for constructing the trailer floor.

The following steps were involved in constructing trailer floors: (1) Cutting the imported boards to the length required if used in a trailer other than the model for which they were specified; (2) undercoating the boards; (3) positioning the crossmembers, front-frame and coupler in the tooling fixture; (4) positioning the boards in that section into the fixture; (5) drilling the floor screw holes; (6) installing screws; (7) positioning and attaching the side walls; (8) installing the front and rear walls.

Plaintiff maintains that the imported merchandise is specifically provided for eo nomine in item 202.58, TSUS, which precludes classification of the merchandise as a "par" pursuant to General Interpretative Rule 10(i)(j)[2]. Defendant advances the argument that the imported merchandise does not fall within the ambit of item 202.58 in as much as hardwood flooring is a "material" and the imported kits were advanced beyond the material stage.

Irrespective of whether flooring is a "material used on floors," as observed by the court in *B. Axelrod & Co.* v. *United States*, 70 Cust. Ct. 117, 125, C.D. 4417 (1973), or is more than mere materials, as

[2] Rule 10(i)(j) states: "A provision for 'part' of an article covers a product solely or chiefly used as a part of such article, but does not prevail over a specific provision for such part".

noted in *D. B. Frampton & Company, et al.* v. *United States*, 60 Cust. Ct. 4, 16, C.D. 324 (1968), I conclude that the imported merchandise constitutes flooring within the purview of item 202.58, TSUS.

Even if flooring is a "material," as insisted by defendant, nevertheless flooring need not be a material in the same sense that plywood, for example (which is used for interior and exterior construction of roofs, walls, floors, etc.), is a material. Hardwood flooring in strips and planks as provided for in item 202.58 need only be a material insofar as it is used for constructing floors. Significantly, that was precisely the use for which the imported merchandise was intended. Although the merchandise was imported as so-called kits, it must be observed that the merchandise did not comprise a prefabricated truck trailer floor, which obviously would be more than flooring in strips or planks. Here, the kits included merely hardwood flooring boards, and did not include the other necessary components to construct a trailer floor, as delineated in the affidavit submitted by plaintiff.

The imported kits, although comprising hardwood boards made to specified dimensions for a particular size trailer and rabbeted to facilitate installation, are not advanced beyond flooring. Congress recognized that merchandise classifiable as hardwood flooring in strips and planks was manufactured to accurate dimensions and drilled with holes to facilitate installation. *Expanatory Notes, Tariff Classification Study* (1960),[3] schedule 2, part 1, page 21; *D. H. Frampton, supra,* at 16. In view of such congressional intent, I fail to see the logic of defendant's argument that cutting to specified dimensions and rabbeting to facilitate installation should be regarded as an advancement of the merchandise beyond the status of flooring in strips and planks.

In the final analysis, the question to be resolved is whether, as a matter of law, these hardwood boards utilized for constructing truck trailer floors lose their status as flooring by cutting to specified dimensions, rabbeting, and packaging in kits containing the required number of boards for a trailer floor of a particular size. After careful consideration of the arguments presented by counsel, I must agree with plaintiff's contention that these facts do not preclude classification of the merchandise under item 202.58, TSUS. The specific dimensions in which the boards were ordered by plaintiff for constructing trailer floors, together with the rabbeting process, are entirely consistent with, and in furtherance of, the use of the merchandise as flooring. The further fact that the imports were packaged in kits for a particular trailer installation does not destroy the character of the merchandise as hardwood flooring in strips and planks. Accordingly,

---

[3] While the description of flooring in the *Tariff Classification Study* does not mention rabbeting, there is nothing that suggests that such process precludes classification of merchandise as hardwood flooring.

I have determined that the importations in this case are embraced by item 202.58, TSUS, and that classification by Customs under item 692.27, TSUS, was erroneous.

Concluding, I find that there is no genuine dispute as to any material fact, and this plaintiff is entitled to summary judgment as a matter of law. Defendant's cross-motion for summary judgment is denied.